JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL NAVARRO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ELISEO RICOLCOL, Warden,<br><br>　　　　Respondent. | Case No. ED CV 23-1528 DMG (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　The Court dismisses this state habeas action without prejudice as moot due to Petitioner's release from custody.

　　　　　　　　　　　　　　* * *

　　1.　Petitioner was convicted of federal health care fraud charges. At the time of the filing of this habeas petition, she was serving her 15-month prison term at the federal facility in Victorville. [Doc. # 10 at 3–4.]

　　2.　Petitioner filed this habeas petition in July 2023 under 28 U.S.C. § 2241. She contended that she earned sufficient credits under the First Step Act to be eligible for early release from custody to home confinement. [Doc. # 1 at 1–2.]

3.     The government moved to dismiss the action. [Doc. # 10.] The government asserted that Petitioner failed to exhaust administrative remedies within the BOP regarding the calculation and application of FSA credits before commencing this action. [Doc. # 10 at 8.] The government also contended that, although Petitioner would be eligible for early release based on the accrual of FSA credits, her habeas action was premature. [*Id.* at 4–7.] The government noted that Petitioner was scheduled for release from custody in late October 2023 – with the FSA credits applied – during the pendency of the dismissal motion proceedings.

4.     The government subsequently informed the Court that the BOP released Petitioner pursuant to the FSA on October 25.[1] [Doc. # 12-1.] On that basis, the government suggests that Petitioner's action is moot and should be dismissed. [Doc. # 12.]

\* \* \*

5.     If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; *see also* Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6.     An inmate's release typically moots a habeas action that seeks the termination of custody. *See, e.g., Bonneau v. United States*, 503 F. App'x 544 (9th Cir. 2013) (affirming dismissal of inmate's petition; petitioner "fully served the custodial portion of the sentences he is attacking at the time he filed his

---

[1] Magistrate Judge Wilner confirmed Petitioner's release by reviewing the BOP's Inmate Locator website.

habeas petition[.] Therefore, the district court could not grant him any effective relief.") (citing *Burnett v. Lampert*, 432 F.3d 996, 999–1000 (9th Cir. 2005)); *Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because Munoz has been released from custody in the interim, we dismiss this appeal as moot[. W]e can no longer provide him the primary relief sought in his habeas corpus petition.).

7. Dismissal of Petitioner's action is warranted. Her claim in this federal court was the calculation of applicable prison credits and the appropriate length of her custodial term. The record before the Court (the government's submission and the BOP's database) establishes that Petitioner is no longer in custody.[2] As a result, the Court cannot give her the relief – release from prison – that she originally requested when she filed this petition. Petitioner's action is moot. *Bonneau*, 503 F. App'x 544; *Munoz*, 104 F.3d at 1097-98.

8. Therefore, the present action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: November 13, 2023

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] Judge Wilner advises that Petitioner has not yet responded to either the original dismissal motion or the government's recent suggestion of mootness. She also has not updated her mailing address with the Clerk to reflect a different, non-custodial residence. Nevertheless, it would be inefficient for the Court to wait for a response, issue an order to show cause, or undertake other proceedings when it is apparent that Petitioner's habeas action should be terminated for mootness.